IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | |
|---|---|
| IN RE: JAMES F. AND BRENDA J. HAWKINS<br>DEBTORS | CASE NO.: 4:10-bk-17312 E<br>CHAPTER 13 |

| | |
|---|---|
| JAMES F. AND BRENDA J. HAWKINS | PLAINTIFFS |
| V. | AP NO: _____ |
| BANK OF AMERICA N.A.,<br>f/k/a BAC HOME LOANS SERVICING, L.P.,<br>DEUTSCHE BANK NATIONAL TRUST CO. AS<br>TRUSTEE FOR THE HOLDERS OF SOUNDVIEW HOME<br>LOAN TRUST 2007-2, ASSET-BACKED CERTIFICATES, 2007-2;<br>And DEUTSCHE BANK NATIONAL TRUST CO. ON BEHALF OF<br>FINANCIAL ASSET SECURITIES CORP., SOUNDVIEW HOME<br>LOAN TRUST 2007-WMC1, ASSET BACKED CERTIFICATES,<br>SERIES 2007-WMC1 | DEFENDANTS |

## COMPLAINT

Come now the Plaintiffs/Debtors, James F. and Brenda J. Hawkins, by and through their attorneys, Christian W. Frank of Pray Law Firm, P.A., Joel G. Hargis, Crawley, DeLoache & Hargis, P.L.L.C., and Kathy A. Cruz, the Cruz Law Firm, P.L.C., and for their Complaint states and alleges as follows:

### I. PARTIES

1. The Plaintiffs/Debtors, James F. and Brenda J. Hawkins ("Plaintiffs") are individuals, and are citizens of the County of Pulaski, State of Arkansas, and are the Debtors in the above referenced Chapter 13 Bankruptcy.

1

2. The Defendant, BAC Home Loans Servicing, L.P., (hereinafter "BAC"), n/k/a Bank of America N.A ("BofA")[1] is an out of state bank doing business in the State of Arkansas, whose corporate status filed with the Arkansas Secretary of State shows as merged. Its principal place of business is 6400 Legacy Drive, Plano, Texas, 75024. BofA as a successor in interest to BAC consented to jurisdiction of this Court and has entered its appearance in case number 4:10-bk-17312 by filing a proof of claim on December 9, 2010, pursuant to *In Gardner v. New Jersey*, 329 U.S. 565, 675 S. Ct 467, 91 L. Ed 504 (1947). Upon information and belief, Bank of America, N.A., is a servicer on the second mortgage loan on Plaintiffs' home. BoA is a National Bank with its principal place of business located at: 101 S. Tyron St., Charlotte, NC., 28202, and may be served at that address upon its CEO, Bryan Moynihan.

3. Plaintiffs are informed and believe that Defendant, Deutsche Bank National Trust Company ("Deutsche Bank"), is an out of state business doing business in the State of Arkansas, but is unlicensed to do business in the state with the Arkansas Secretary of State or the Arkansas State Banking Department. Its principal place of business is located at: 300 South Grand Avenue, 41st Floor, Los Angeles, CA., 90071, and may be served by service upon its CEO, Joseph Ackermann, at that address. Deutsche Bank consented to jurisdiction of this Court and has entered its appearance in case number 4:10-bk-17312 by filing Proofs of Claim in this matter on both December 2, 2010 and March 12, 2011, pursuant to *In Gardner v. New Jersey*, 329 U.S. 565, 675 S. Ct 467, 91 L. Ed 504 (1947). Upon information and belief, Deutsche Bank herein is acting as Trustee for two trusts which claim ownership of the Plaintiffs' first and second mortgages on their property located at 2001 Oakbrook, Sherwood, Arkansas: 1) Financial Asset Securities Corporation, Soundview Home Loan Trust, 2007-WMC1, Asset-backed Certificates,

---

1 For ease of reference, "BAC" will be referred to herein as "BofA"

2

Series 2007-WMC1 (the "2007-WMC1 Trust") as first lienholder; and 2) Soundview Home Loans Trust, 2007-2, Asset-backed Certificates, Series 2007-2 (the "2007-2 Trust") as second lienholder.

## II. INTRODUCTION

4. The Plaintiffs hereby re-allege and restate each and every material allegation contained in paragraphs 1-3 herein above.

5. This cause of action arose, and Plaintiffs seek redress and damages, including punitive damages, for a Motion for Contempt pursuant to 11 U.S.C. §105 for Deutsche Bank's abuse of the bankruptcy process; to determine the extent and validity of the first and second mortgage liens asserted by the Defendants as to real property owned by the Plaintiff, and which is part of the bankruptcy estate pursuant to BR 7001(2); and, for fraud on the Court. Plaintiffs also objects to the Defendant's proofs of claims and the Notice of Mortgage Payment Increase filed on December 9, 2011, pursuant to 11 USC §502(b)(1) and Rule 3007 as amended in 2009.

6. This action is to enforce 11 USC §105 and other bankruptcy code provisions and rules related thereto; to prevent an abuse of process; to preclude the frustration of the orderly discharge of the claims in this case; and to enforce Arkansas common law, and Arkansas statutory law.

## III. JURISDICTION

7. The Plaintiffs hereby re-allege and restate each and every material statement contained in paragraphs 1-6 herein above.

8. Jurisdiction is conferred upon this Court pursuant to §101 of Public Law 95-598, Title 1, November 6, 1978; Statute 2549, as codified and enacted as 11 USC §101, *et seq*. (also referred to as the Bankruptcy Act of 1978), all later amendments, including the Bankruptcy Abuse and Prevention and Consumer Protection Act of October 17, 2005, and §1334 of Title 28 of the United States Code. This proceeding arises in, and is related to the above referenced Chapter 13 bankruptcy case under Title 11. The case concerns the Plaintiffs' property in the above captioned Chapter 13 bankruptcy case, as it relates to the determination of the extent and validity of the alleged liens on property of the bankruptcy estate Rule 7001(2), and the Proofs of Claim filed in this case by the Defendants.

9. The Court has both personal and subject matter jurisdiction to hear this case pursuant to §1334 of Title 28 of the United States Code; § 157(b)(2) of Title 28 of the United States Code, General Order 28; Local Rule 83 and the August 4, 1984 order entered by the Judges of the United States District Court for the Eastern and Western Districts of Arkansas (the Referral Order), in accordance with the Bankruptcy Amendments, the Federal Judgeship Act of 1984, and 28 USC §§3383 and 365.

10. Additionally, the Court has supplemental jurisdiction to hear all state claims pursuant to §1367 of Title 28 of the United States Code.

11. Further, if during the discovery process, it should become necessary to amend this pleading to include references to other state and/or federal causes of action, Plaintiffs reserve the right to so amend.

12. This matter is a core proceeding, and the Court has jurisdiction to enter a final order herein. In the event, however, it is determined that this cause is a non-core proceeding, the Plaintiffs hereby consent to the Court's entry of a final order herein.

### IV. VENUE

13. The Plaintiffs hereby re-allege and restate each and every material allegation contained in paragraphs 1-12 herein above.

14. Pursuant to §§1408, 1409 and 1391(b) of Title 28 of the United States Code, venue is proper in this district/division.

### V. FACTS

15. The Plaintiffs hereby re-allege and restate each and every material allegation contained in paragraphs 1-14 herein above.

16. On November 15, 2006, the Plaintiffs executed a balloon note in the amount of $280,000.00 payable to WMC Mortgage Corporation, secured by a first mortgage on property located at 2001 Oakbrook Drive, Sherwood, Arkansas, 72120. The Note provided for monthly principal and interest payments of $2100.50, payable beginning January 1, 2007 and continuing through December 1, 2036 at a yearly interest rate of 8.895%. The mortgage lists the lender as WMC Mortgage Corporation, and states that Mortgage Electronic Registration Systems, Inc. ("MERS"), is acting both as nominee for the Lender and the Lender's successors and assigns, and that MERS is the mortgagee under the security instrument. (See Note and Mortgage attached to Original Proof of Claim attached hereto as Exhibit "**A**".)

17. Also, on November 15, 2006, the Plaintiffs executed a note in the amount of $70,000.00 payable to WMC Mortgage Corporation, secured by a second mortgage on property located at 2001 Oakbrook Drive, Sherwood, Arkansas, 72120. The Note provided for monthly principal and interest payments of $679.88, payable beginning January 1, 2007 and continuing through December 1, 2036 at a yearly interest rate of 11.25%. The mortgage lists the lender as WMC Mortgage Corporation, and states that Mortgage Electronic Registration Systems, Inc.

5

("MERS"), is acting both as nominee for the Lender and the Lender's successors and assigns, and that MERS is the mortgagee under the security instrument. (See Note and Mortgage attached to Original Proof of Claim attached hereto as Exhibit "**B**".)

18. The Plaintiffs began having financial difficulties making their mortgage payments almost immediately upon purchase of the home.

19. On December 4, 2007, a Notice of Default and Intent to Sell was filed with the Pulaski County Circuit Clerk. The Notice of Default is executed by Angela P. Carter as Assistant Secretary for Recontrust Company, as attorney-in fact for MERS. (See 2007-12-4 Notice of Default and Intent to sell attached hereto as Exhibit "**C**".)

20. Also on December 4, 2007, a Power of Attorney was executed by Denise Sletten as Assistant Secretary of MERS as the Mortgagee, appointing Recontruct Company as its attorney-in-fact, and was filed with the Pulaski County Circuit Clerk. (See 2007-12-4 Power of Attorney attached hereto as Exhibit "**D**".)

21. On February 29, 2008, a postponement of the Mortgagee's Sale was filed for record with the Pulaski Country Circuit Clerk. (See 2008-2-29 Postponement attached hereto as Exhibit "**E**").

22. On October 22, 2008, another Notice of Default was filed with the Pulaski Country Circuit Clerk. The Notice of Default is executed by Kimberly A. Smith as Assistant Secretary of Recontrust Company, as attorney-in-fact for MERS. (See 2008-10-22 Notice of Default attached hereto as Exhibit "**F**").

23. The foreclosure was cancelled on January 2, 2009. (See 20091-2 Cancellation of Notice of Default and Intention to Sell attached hereto as Exhibit "**G**".)

24. On March 16, 2009, a third Notice of Default and Intention to Sell was filed with the Pulaski County Circuit Clerk. The Notice of Default is executed by Leonard Valsin as Assistant Secretary of Recontrust Company, as attorney-in-fact for MERS. (See 2009-3-16 Notice of Default attached hereto as Exhibit "**H**").

25. Also on March 16, 2009, a Power of Attorney was executed by Leonard Valsin as Assistant Secretary of MERS as the Mortgagee, appointing Recontruct Company as its attorney-in-fact, and was filed with the Pulaski County Circuit Clerk. (See 2009-3-16 Power of Attorney attached hereto as Exhibit "**I**".)

26. This sale was apparently cancelled.

27. On June 23, 2010, a fourth Notice of Default and Intention to Sell was filed with the Pulaski County Circuit Clerk. This Notice of Default states that the Mortgage was duly assigned to and is now held by Deutsche Bank National Trust Company on behalf of Financial Asset Securities Corp., Soundview Home Loan Trust 2007-WMC1, Asset Backed Certificates, Series 2007-WMC1. The Notice of Default is executed by Marjan Powell as an Authorized Signer of Recontrust Company, as attorney-in-fact for the 2007-WMC1 Trust. (See 2010-6-23 Notice of Default attached hereto as Exhibit "**J**").

28. Also, on June 23, 2010, an Assignment of Mortgage was filed with the Pulaski County Circuit Clerk. The Assignment is executed by Jennifer Pierce as an Assistant Secretary of MERS, and purports to assign both the note and mortgage from MERS to the 2007-WMC1 Trust. (See Assignment attached hereto as Exhibit "**K**".)

29. On September 8, 2010, an Affidavit of Mailing was filed with the Pulaski County Circuit Clerk. (See 2010-9-8 Affidavit attached hereto as Exhibit "**L**".)

30. The Plaintiffs filed for Chapter 13 bankruptcy on October 6, 2010.

7

31. On October 21, 2010, the Plaintiffs filed their Chapter 13 plan. Both the first and second mortgage were notated as the secured status of the loans being in dispute. The Trustee was directed not to make payments on either loan until the secured status is proved. (See Court Docket Entry #10.)

32. On November 29, 2010, a Cancellation of Notice of Default and Intention to Sell was filed with the Pulaski County Circuit Clerk. This Cancellation is executed by Anthony Cannon as an Authorized Signer for Recontrust Company as attorney-in-fact for Deutsche Bank as Trustee of the 2007-WMC1 Trust. (See 2010-11-29 Cancellation of Notice of Default and Intention to Sell attached hereto as Exhibit "**M**".)

33. On December 2, 2010, Deutsche Bank as Trustee for the 2007-2 Trust filed a Proof of Claim as creditor on the second mortgage with notices to be sent to BAC Home Loans Servicing, LP. The claim was designated as secured in the amount of $94,994.18 with a $25,189.55 arrearage claim. (See Court Claims Register #7-1.)

34. The arrearage claim of $25,155.56 consists of payments from September 1, 2007 through September, 2010 at $679.88 per month and accrued late charges of $33.99.

35. Attached to the Proof of Claim is a note dated November 15, 2006 in the amount of $70,000.00 made payable to WMC Mortgage Corp. The front of the Note is stamped "Certified Copy of Original". No endorsements appear on the Note, and no allonges are attached. Also attached to the Proof of Claim is a copy of a Mortgage purportedly securing the note, dated November 15, 2006, naming the Lender as WMC Mortgage Corporation and MERS as both the Mortgagee and as nominee for the Lender and the Lender's successors and assigns.

36. On December 7, 2010, Deutsche Bank as Trustee for the 2007-WMC1 Trust filed an Objection to Confirmation regarding the first mortgage on the Plaintiffs' property, objecting to the proposed plan treatment. (See Court Docket Entry #16.)

37. On December 9, 2010, a second Proof of Claim was filed on the second mortgage. This claim appears to be identical to the Proof of Claim filed on December 2, 2010, except that the Court's Claims Register shows the claim to be filed by BAC rather than Deutsche Bank. (See Court's Claims Register at 9-1.)

38. On March 21, 2011, Deutsche Bank as Trustee for the 2007-WMC1 Trust filed a Proof of Claim – Payoff Balance regarding the first mortgage in the amount of $301,626.81. This claim includes an unpaid principal balance of $279,873.13; property inspections of $599.00; appraisal fees of $335.00; foreclosure fees and costs of $4,311.80; attorney fees and costs of $600.00; escrow shortage of $14,952.88; and, a partial balance of $1,000.00. (See Court's Claims Register at #13-1.)

39. Attached to the Proof of Claim is a copy of a Balloon Note dated November 15, 2006 payable to WMC Mortgage Corp. in the amount of $280,000.00. The front of the note is stamped with a notation that states "Certified Copy of Original". No endorsements appear on the note and no allonges are attached.

40. Also attached to the Proof of Claim is a copy of a recorded mortgage purportedly securing the Note listing the lender as WMC Mortgage Corp. and MERS as both mortgagee and nominee for the Lender and Lender's successors and assigns.

41. Also attached to the Proof of Claim is a copy of a recorded assignment dated June 23, 2010 purporting to assign both the Note and Mortgage from MERS to Deutsche Bank as Trustee for the 2007-WMC1 Trust. The assignment is executed by Jennifer Pierce as an

9

Assistant Secretary of MERS and is notarized by Princess J. Everage in Dallas County, Texas on June 21, 2010.

42. On that same date, March 21, 2011, Deutsche Bank as Trustee for the 2007-WMC1 Trust, filed a separate Arrearage Claim in the amount of $107,874.59. The arrearage claim includes 41 monthly payments in the amount of $2100.51, totaling $86,120.91; property inspections of $599.00; appraisal fees of $335.00; prior foreclosure fees and costs for 3 foreclosures of $4311.80; a partial balance of $1,000.00; bankruptcy attorney fees of $600.00; and an escrow shortage of $14,952.88. (See Court's Claims Register at #14-1.)

43. On March 30, 2011, Plaintiffs filed Objections to Claim #'s 13 and 14 alleging that the documents attached to the Proof of Claim indicate that Deutsche Bank may not be a party in interest. (See Court Docket Entry #37.)

44. On April 11, 2011, Deutsche Bank as Trustee for the 2007-WMC1 Trust, filed a Response to the Objection to Claim denying the allegations that Deutsch Bank was not a party in interest. Attached to the Response are three exhibits: a copy of the note, a copy of the mortgage, and a copy of the assignment. The note appears to be identical to the copy of the note attached to the Proof of Claim and bears the notation "Certified Copy of Original" and contains no endorsements or allonges. (See Court Docket Entry #41.)

45. On August 19, 2011, a Cancellation of a Foreclosure sale schedule for September 10, 2010 was filed with the Pulaski Country Circuit Clerk. The cancellation is executed by Anthony Cannon as Assistant Vice-President for Recontrust Company as attorney-in-fact for Deutsche Bank as Trustee for the 2007-WMC1 Trust. (See 2011-8-19 Cancellation of Notice of Default and Intention to Sell attached hereto as Exhibit "**N**".)

46. On October 21, 2011, Deutsche Bank as Trustee for the 2007-WMC1 Trust filed an Amended Proof of Claim – Payoff Balance in the amount of $301,626.81, the same amount as the Original Proof of Claim. A note at the bottom of the Amended Proof of Claim states: "This Proof of Claim – Payoff is being amended to attach the endorsed note not available at initial filing." (See Court's Claims Register #13-2.)

47. The documents attached to the Amended Proof of Claim appear to be identical to the documents attached to the Original Proof of Claim with two exceptions: 1) The copy of the Balloon Note attached to the Amended Proof of Claim does not contain the stamped notation "Certified Copy of Original"; and, 2) The note now shows an "in blank" endorsement purportedly executed by Alex Arguello as Assistant Secretary of WMC Mortgage Corporation. The endorsement is not dated, and the signature is illegible. (See Copy of Note attached hereto as Exhibit "**O**".)

48. On December 9, 2011, Deutsche Bank filed a Notice of Mortgage Payment Change for the first mortgage. The Payment change increases the regular monthly payment from $2100.51 to $2768.30. The new payment amount includes a shortage payment of $301.90 per month calculated with a beginning balance of $16,064.85. This amount is included in the escrow shortage claimed in the Proof of Claim, and results in an escrow contribution over and above the amount actually needed as the escrow shortage would be made up through arrearage payments. (See Court's Claims Register at #13.)

49. The Objection to Confirmation and Objection to Claim filed in the bankruptcy case have been continued several times, and are currently set for hearing on March 15, 2012.

## VI.    FIRST CLAIM FOR RELIEF AGAINST DEUTSCHE BANK AS TRUSTEE FOR THE 2007-WMC1 TRUST

**OBJECTION TO PROOF OF CLAIM – FIRST MORTGAGE AND OBJECTION TO MORTGAGE PAYMENT INCREASE
PURSUANT TO 11 USC §502(b)(1) AND RULE 3007**

50. The Plaintiffs hereby re-allege and restate each and every material allegation contained in paragraphs 1-49 herein above.

51. Plaintiffs' Objection to the Proofs of Claim filed by Deutsche Bank as Trustee for the 2007-WMC1 Trust, include, but are not limited to the following:

    a. The Original Proof of Claim contained a copy of a Note stamped as "Certified Copy of Original" and contained no endorsements.[2] Not until the Objection to the Claim was filed did Deutsche Bank Amend its Proof of Claim, and attach a note with an undated "in blank endorsement" purportedly signed by Alex Arguello as Assistant Secretary of WMC Mortgage. Upon information and belief, WMC Mortgage was a subsidiary of General Electric, and was shut down in October, 2007. Pursuant to the Pooling and Servicing Agreement ("PSA") for the Trust, the cut-off date for the trust was March 1, 2007. On or before that date, the depositor for the Trust, was to transfer to the Trustee the original Mortgage Note endorsed either in blank, in which case the Trustee shall cause the endorsement to be completed, or "Pay to the Order of Deutsche Bank National Trust Company, as Trustee, without recourse." (See copy of PSA attached hereto as Exhibit "**N**".)

Inasmuch as the endorsement is undated, the endorsement was never completed (as required by the PSA), and contravenes the copy of the note attached to the Original Proof of Claim, Plaintiffs allege that the endorsement was added to the Note for the sole purpose of creating a colorable claim to the note by Deutsche Bank and is fraudulent in nature.

---

[2] Plaintiffs would also note that the documents attached to the Response to the Objection to Claim contained an identical copy of the note.

12

b. Moreover, the assignment attached to the Proof of Claim purporting to assign both the note and mortgage from MERS to Deutsche Bank is of no effect. Upon information and belief, MERS never, at any time, had any interest in the note to transfer, and any purported assignment of the note by MERS is invalid. The assignment is executed by Jennifer Pierce as an Assistant Secretary of MERS and is notarized by Princess J. Everage in Dallas County, Texas on June 21, 2010. Upon information and belief, MERS has no offices in Dallas County, Texas, and Jennifer Pierce is or was, upon information and belief, an employee of Recontrust Company. The assignment was not executed on or before the cut-off date for the Trust, and cannot be effectively transferred to the trust after that date pursuant to the REMIC requirements of the Pooling and Servicing Agreement.

c. The Proof of Claim contains fees and costs for foreclosures apparently conducted by Recontrust Company as attorney-in-fact for Deutsche Bank as Trustee of the 2007-WMC1 Trust. Pursuant to a search of the Arkansas Secretary of State's website and the website of the Arkansas Banking Commission, Deutsche Bank Trust Company is not registered to do business in the State of Arkansas, and is therefore not entitled to avail itself of the provisions of the Arkansas Statutory Foreclosure Act, Ark. Code Ann. §§18-50-101, *et seq.* ("ASFA") per this Court's decision in *In re Johnson,* 460 B.R. 234 (Bankr. E.D. Ark. 2011). Any fees and costs associated with the foreclosures conducted should therefore be disallowed.

d. The Notice of Mortgage Payment Change increases the regular monthly payment from $2100.51 to $2768.30. The new payment amount includes a shortage payment of $301.90 per month calculated with a beginning balance of $16,064.85. This amount is included in the escrow shortage claimed in the Proof of Claim, and results in an escrow contribution over and above the amount actually needed as the escrow shortage would be made up through arrearage

payments. The new payment amount should be disallowed, and the Court should require a full accounting of the loan to determine the proper amount of escrow to be paid provided that the Court determines that Deutsche Bank may enforce the note.

### VII. SECOND CLAIM FOR RELIEF AGAINST DEUTSCHE BANK AS TRUSTEE FOR THE 2007-2 TRUST AND BANK OF AMERICA, N.A. OBJECTION TO PROOF OF CLAIM – SECOND MORTGAGE PURSUANT TO 11 USC §502(b)(1) AND RULE 3007

52. The Plaintiffs hereby re-allege and restate each and every material allegation contained in paragraphs 1-51 herein above.

53. Plaintiffs' Objection to the Proof of Claim filed by Deutsche Bank as Trustee for the 2007-2 Trust, include, but are not limited to the following:

    a. The note attached to the Proof of Claim contains no endorsements and is notated as a "Certified Copy of Original". Plaintiffs allege that as the note is unendorsed, only WMC Mortgage would have the right to enforce the note. Upon information and belief, WMC Mortgage is no longer in existence, and the claim should therefore be disallowed.

    b. The tax assessor for Pulaski Country has a total appraised value for the land and house of $273,605.00. The amount of the first lien claimed is in excess of $300,000.00. Upon information and belief, the second mortgage is therefore totally unsecured. In the event that the Court finds that Deutsche Bank is entitled to enforce the second mortgage, Plaintiffs allege that as the first lien claimed exceeds the value of the property, that the Court should disallow the second mortgage as a secured claim, and only allow the claim as unsecured. (See copy of tax assessor information attached hereto as Exhibit "**O**".

### VIII. THIRD CAUSE OF ACTION AGAINST DEUTSCHE BANK FRAUD ON THE COURT – FIRST MORTGAGE

54. The Plaintiffs hereby re-allege and restate each and every material allegation contained in paragraphs 1-53 herein above.

55. Deutsche Bank has submitted to this Court inconsistent and contradictory copies of Notes, one containing no endorsements and bearing the notations "Certified Copy of Original" and a second containing no notation as a certified copy, but bearing an undated endorsement with an illegible signature.

56. Upon information and belief, this endorsement was added to the Note for the sole purpose of creating a colorable right of enforcement by Deutsche Bank and is fraudulent in nature.

57. This Court should require strict proof from Deutsche Bank as Trustee for the 2007-WMC1 Trust concerning the discrepancies between the differing Notes filed with the Court in this matter, and strict proof as to when the alleged "endorsement" was placed on the Note.

58. Should this Court find that the endorsement was added to the note to create in Deutsche Bank a colorable claim to enforce the note, Deutsche Bank should be sanctioned in the form of punitive damages for filing false and fraudulent documents with this court, for attorney's fees and costs incurred in this matter, and any other relief this Court deems just and proper under such claim.

IX. **FOURTH CAUSE OF ACTION AGAINST DEUTSCHE BANK AS TRUSTEE FOR THE 2007-WMC1 TRUST DETERMINATION OF EXTENT AND VALIDITY OF FIRST MORTGAGE LIEN**

59. The Plaintiffs hereby re-allege and restate each and every material allegation contained in paragraphs 1 – 58 above.

60.     Plaintiffs allegations to determine the extent and validity of the lien claimed by Deutsche Bank as Trustee for the 2007-WMC1 Trust, include but are not limited to the following:

a.     The Original Proof of Claim contained a copy of a Note stamped as "Certified Copy of Original" and contained no endorsements.[3] Not until the Objection to the Claim was filed did Deutsche Bank Amend its Proof of Claim, and attach a note with an undated "in blank endorsement" purportedly signed by Alex Arguello as Assistant Secretary of WMC Mortgage. Upon information and belief, WMC Mortgage was a subsidiary of General Electric, and was shut down in October, 2007. Pursuant to the Pooling and Servicing Agreement for the Trust, the cut-off date for the trust was March 1, 2007. On or before that date, the depositor for the Trust, was to transfer to the Trustee the original Mortgage Note endorsed either in blank, in which case the Trustee shall cause the endorsement to be completed, or "Pay to the Order of Deutsche Bank National Trust Company, as Trustee, without recourse." (See copy of PSA attached hereto as Exhibit "**P**".)

Inasmuch as the endorsement is undated, the endorsement was never completed (as required by the PSA), and contravenes the copy of the note attached to the Original Proof of Claim, Plaintiffs allege that the endorsement was added to the Note for the sole purpose of creating a colorable claim to the note by Deutsche Bank and is fraudulent in nature.

b.     Moreover, the assignment attached to the Proof of Claim purporting to assign both the note and mortgage from MERS to Deutsche Bank is of no effect. Upon information and belief, MERS never, at any time, had any interest in the note to transfer, and any purported assignment of the note by MERS is invalid. The assignment is executed by Jennifer Pierce as an

---

[3] Plaintiffs would also note that the documents attached to the Response to the Objection to Claim contained an identical copy of the note.

16

Assistant Secretary of MERS and is notarized by Princess J. Everage in Dallas County, Texas on June 21, 2010. Upon information and belief, MERS has no offices in Dallas County, Texas, and Jennifer Pierce is or was, upon information and belief, an employee of Recontrust Company. The assignment was not executed on or before the cut-off date for the Trust, and cannot be effectively transferred to the trust after that date pursuant to the REMIC requirements of the Pooling and Servicing Agreement.

61. Based on the above allegations, Plaintiffs respectfully request that the Court make a determination as to whether or not Deutsche Bank is entitled to enforce the note.

### X. FIFTH CAUSE OF ACTION AGAINST DEUTSCHE BANK AS TRUSTEE FOR THE 2007-2 TRUST
### DETERMINATION OF EXTENT AND VALIDITY OF SECOND MORTGAGE LIEN

62. The Plaintiffs hereby re-allege and restate each and every material allegation contained in paragraphs 1 – 61 above.

63. Plaintiffs allegations to determine the extent and validity of the lien claimed by Deutsche Bank as Trustee for the 2007-2 Trust, include but are not limited to the following:

  a. The note attached to the Proof of Claim for the second mortgage contains no endorsements and is notated as a "Certified Copy of Original". Plaintiffs allege that as the note is unendorsed only WMC Mortgage would have the right to enforce the note. Upon information and belief, WMC Mortgage is no longer in existence, and the claim should therefore be disallowed.

  b. The tax assessor for Pulaski Country has a total appraised value for the land and house of $273,605.00. The amount of the first lien claimed is in excess of $300,000.00. Upon information and belief, the second mortgage is therefore totally unsecured. In the event that the Court finds that Deutsche Bank is entitled to enforce the second mortgage, Plaintiffs

17

allege that as the first lien claimed exceeds the value of the property, that the Court should disallow the second mortgage as a secured claim, and only allow the claim as unsecured. (See copy of tax assessor information previously attached hereto as Exhibit "**O**".

64. Based on the above allegations, Plaintiffs respectfully request that the Court make a determination as to whether or not Deutsche Bank is entitled to enforce the note for the second mortgage, and alternatively, whether or not the claim should be allowed as secured.

### XI. SIXTH CAUSE OF ACTION AGAINST DEUTSCHE BANK AS TRUSTEE FOR THE 2007-WMC1 AND 2007-2 TRUSTS VIOLATION OF 11 U.S.C. §105 AND MOTION FOR CONTEMPT

65. The Plaintiff hereby re-alleges and restates each and every material allegation contained in paragraphs 1-64 herein above.

66. 11 USC § 105 gives the Bankruptcy Court broad discretion to prevent any abuse of 11 USC §101, *et seq.*

67. It is an abuse of 11 USC §101, *et seq.* for Deutsche Bank to file secured claims based on a note and mortgage that have not been properly negotiated to Deutsche Bank.

68. It is an abuse of 11 USC §101, *et seq.* for Deutsche Bank to file claims and attach documents that are inconsistent, contradictory, and upon information and belief, fraudulent.

69. It is an abuse of 11 USC §101, *et seq.* for Deutsche Bank to allege costs and attorney's fees incurred in foreclosure attempts when Deutsche Bank had no legal right to pursue statutory foreclosure actions against the Plaintiffs as it is not registered to do business in the State of Arkansas.

70. Pursuant to 11 USC §105, Deutsche Bank should be held in contempt for its abuse of the bankruptcy process. As such, this Court should issue an Order requiring Deutsche

Bank to pay damages sufficient to deter the actions alleged herein, and should further Order Deutsche Bank to pay all attorney fees and costs incurred by the Plaintiffs in this matter.

## XVI. DAMAGES

71. The Plaintiffs hereby re-allege and restate each and every material allegation contained in paragraphs 1-70 herein above.

72. The Plaintiffs have been damaged in that they suffered public humiliation, stress, emotional distress, actual costs in phone bills, postage, and attorney fees.

73. The Plaintiffs requests damages in an amount sufficient to compensate them for the above actual damages.

74. Punitive damages are authorized by Arkansas statutory law, and other federal consumer protection laws, *supra*.

75. The actions of Deutsche Bank and its agents cumulatively rise to the level of outrageous conduct the direct result of which would deprive the Plaintiffs of their home by institute foreclosure proceedings against the Plaintiffs without adhering to the requirements of the ASFA.

76. The Plaintiffs request an award for punitive damages sufficient to deter Deutsche Bank from continuing its abuse of process and fraudulent activities.

77. The Plaintiffs request that Deutsche Bank be ordered to pay their attorney's fees and costs associated with this matter as an additional sanction against Deutsche Bank for its continuing abuse of process and fraudulent activities.

WHEREFORE, the Plaintiffs pray that this Court disallow the Defendant's proofs of claim, determine the amount of and validity of the Defendant's first and second liens to be $0, or, alternatively, to find that the second mortgage lien is wholly unsecured, find that punitive

19

damages are warranted pursuant to the unconscionable, flagrant, and fraudulent conduct of the Defendant, Deutsche Bank, for their actual damages, attorney fees, costs, and for all other relief to which they may be entitled.

DATED: March 13, 2012.

                                  Respectfully Submitted,

                                  /s/ Christian W. Frank
Christian W. Frank, ABN No. 01219
Attorney for the Plaintiffs
Pray Law Firm, P.A.
P.O. Box 94224
N. Little Rock, AR. 72190
PH (501) 771-7733
Chris.Frank@praylawfirm.com

                                  /s/Joel G. Hargis
Joel G. Hargis, ABN 2004-007
Crawley, DeLoache & Hargis, PLLC
Attorney for the Plaintiffs
533 West Washington
Jonesboro, AR 72401
PH (870) 972-1127
FX (870) 972-1787
joel@crawleydeloache.com

                                  /s/ Kathy Cruz
Kathy Cruz
Arkansas Bar #87079
Cruz Law Firm
1325 Central Ave.
Hot Springs, AR 71901
(501) 624-3600 (PH)
(501) 624-1150 (FX)
kathycruzlaw@gmail.com